**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| ISAAC GOODMAN, #268285, | ) | |
| | ) | CIVIL ACTION NO. 0:07-3518-MBS-BM |
| Petitioner, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| LEROY CARTLEDGE, Warden, M.C.C.I., | ) | |
| Respondent. | ) | |

This is a pro se Petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on October 21, 2007.[1] The Respondent filed a return and motion for summary judgment on January 30, 2008. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on February 1, 2008, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case.

After receiving an extension of time to respond, Petitioner filed a memorandum in opposition to the motion for summary judgment on March 28, 2008. This matter is now before the

[1]Filing date under Houston v. Lack, 487 U.S. 266 (1988). Although the envelope attached to the initial petition in PACER reflects a prison mailroom stamp of July 21, 2007, the Respondent points out, "this cannot be correct, as the petition itself is dated October 21, 2007." See Respondent's Memo in Support of Summary Judgment, p. 8. The Petitioner affirms that the petition was "forwarded to the Clerk of Court for the USDC on October 21, 2007." See Petitioner's Memorandum in Opposition, p. 3. Accordingly, the Petitioner has been given the benefit of the date that he signed the petition, October 21, 2007, as the filing date.

Court for disposition.[2]

## **Procedural History**

Petitioner was indicted in July 1995 in Richland County for possession with intent to distribute ("PWID") crack cocaine within proximity of a school [Indictment No. 95-GS-40-2074] (Supp.R.pp. 95-96)[3]; PWID marijuana 4th offense [Indictment No. 95-GS-40-2267](Supp.R.p. 91); PWID marijuana within proximity of a school [Indictment No. 95-GS-40-2268] (Supp.R.pp. 98-99); PWID crack cocaine within proximity of a school [Indictment No. 95-GS-40-2271](Supp.R.pp. 104-105); and PWID cocaine 3rd offense [Indictment No. 95-GS-40-2272](Supp.R.pp. 93-94). Petitioner was represented by John H. Whittleton, Esquire.

On July 19, 1995, Petitioner pled guilty to the charges and was sentenced to concurrent sentences of ten (10) years suspended to five (5) years for PWID cocaine proximity [Indictment -2074](Supp.R.p. 97); five (5) years for PWID marijuana [Indictment -2267](Supp.R.p. 92); five (5) years for PWID marijuana proximity [Indictment -2268](Supp.R.p.100); ten (10) years suspended to five (5) years for PWID cocaine proximity [Indictment -2271](Supp.R.p. 105); and fifteen (15) suspended to five (5) years for PWID cocaine on [Indictment -2272]; see Respondent's Exhibit 20.[4] There is no evidence in the record of an appeal being filed, and Respondent represents

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]The Supplement Record is located in Respondent's Exhibit Two.

[4]Petitioner also pled guilty on the same day to additional charges that were not addressed in this habeas petition. These additional charges were also not addressed in the state PCR petition which dealt with the charges set forth herein. (R.pp. 76-85). Petitioner has filed separate habeas actions addressing these other charges.

2



that, upon information and belief, the Petitioner did not file a direct appeal. Petitioner does not dispute this representation.

On April 23, 2001, Petitioner filed an Application for Post-Conviction Relief ("APCR") in state circuit court; Goodman v. State of South Carolina, 01-CP-40-1626; (R.pp. 76-85); in which he raised the following issues:

    1. Prosecutorial misconduct;

    2. Ineffective Assistance of Counsel;

    3. The Court Lacked Subject Matter jurisdiction.

(R.p. 77).[5]

Petitioner was initially represented in this APCR by Tara Dawn Shurling, Esquire. The State moved to dismiss based upon the statute of limitations, and after a hearing on the matter, the circuit judge denied the State's motion pending a full merits hearing. (R.pp. 96-100). Thereafter an evidentiary hearing was held on January 20, 2004. (R.pp. 336-409). Petitioner was by this time being represented by Melissa J.R. Kimbrough, Esquire. In addition to PCR case No. 01-CP-40-1626, the hearing also addressed other PCR cases that had been filed by the Petitioner [Case Nos. 01-CP-40-1501 and 02-CP-40-4682]. The PCR judge orally found the claims raised in case No. 01-CP-40-1626 to be barred by the statute of limitations; (R.pp. 390-392); and on February 9, 2004, the PCR judge entered a written order granting the State's motion to dismiss based upon the statute of limitations. (R.pp. 416-418).

Petitioner's counsel then filed a Notice of Appeal with the South Carolina Supreme

---

[5]The record provided to the Court also contains court records relating to some of Petitioner's other criminal cases, including PCR actions. Only the portions of the record relevant to the convictions contested in the habeas petition at bar are referenced and discussed.



Court on February 23, 2004. See Respondent's Exhibit 3. However, Petitioner was also apparently filing pro se motions with the court, and on May 21, 2004 the Clerk of the South Carolina Supreme Court sent a letter noting that he could not tell if the post-trial motions Petitioner had filed were timely and that it would be up to either party to file a motion to dismiss the appeal if the party believed those post-trial motions should be heard. See Respondent's Exhibit 4. No such motion was filed, but Petitioner did file a "Pro-Se, Motion to Remove Counsel for Self Representation" on July 28, 2004. See Respondent's Exhibit 5. Petitioner was allowed to represent himself; see Respondent's Exhibits 6 and 8; and he then raised the following issues in his writ of certiorari:

> 1. Whether the State's failure to comply with S.C. Code Ann. § 22-5-200 (Cumm.Supp. 1982) and S.C. Code Ann. § 22-5-510 (Cumm.Supp. 1982) deprived the trial court of jurisdiction to entertain the petitioner's criminal case?
>
> 2. Whether petitioner's trial counsel's were ineffective where they failed to move upon the trial court to quash his indictments or challenge his 1995 indictments to be quashed where he was denied due process of law by reason of the fact that he was not afforded a preliminary hearing as required by State Statute resulting in prejudice where he was denied his constitutional entitlement to the assistance of counsel at his preliminary hearing?

See Respondent's Exhibit 7, p. 2.

Petitioner then filed a second petition raising the following issues:

> 1. Whether the combined effect of S.C. Code Ann. §22-5-710 (Supp. 1985) and, in addition, the 1998 amended statute, S.C. Code Ann. § 22-5-510 (Supp. 1998) was to deprive the Court of General Sessions of jurisdiction to try petitioner?
>
> 2. Whether the multiple acts and omissions of petitioner's trial counsel's denied him the effective assistance of counsel?
>
> 3. Whether the post-conviction hearing judge erred where he ruled petitioner could not challenge his 1995 prior convictions dismissing his PCR application denying him relief where his 1995 priors were used by the State to seek life imprisonment based on a letter of Notice?

See Respondent's Exhibit 9, p. 2.



Petitioner also filed a reply to the State's Return dated August 26, 2005. See Respondent's Exhibit 13.

On September 20, 2006, the South Carolina Supreme Court issued an order denying the petition for a writ of certiorari. See Respondent's Exhibit 14. Petitioner filed a pro se petition for rehearing, and a "Motion to Stay Remittitur Pending Ruling on Petitioner's Motion for Rehearing En Banc", both dated October 18, 2006. See Respondent's Exhibits 15 and 16. The South Carolina Supreme Court denied both of these motions; see Respondent's Exhibits 18 and 19; and the Remittitur was sent down on November 14, 2006. See Respondent's Exhibit 17.

In his Petition for writ of habeas corpus filed in the United States District Court, Petitioner raises the following claims:

**Ground One**: Prosecutorial Misconduct.

**Ground Two:** Ineffective Assistance of Trial Counsel.

**Ground Three:** Subject Matter Jurisdiction at trial court and Richland County Court of Common Pleas.

**Ground Four:** The Court of Common Pleas Judge (Earnest J. Kinard) "abused by discretion", by ruling as a "Supreme Court Justice."

See Petition pp. 6-11.

**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of



a potentially meritorious case;  See Cruz v. Beto,  405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Respondent argues in his motion, inter alia, that the Petition is subject to dismissal because Petitioner failed to file his application for a writ of habeas corpus in federal court within one (1) year following the exhaustion of his state court remedies. As provided by statute, this limitation period runs from the latest of -

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Under § 2244(d)(1)(A), Petitioner's state court convictions became final on July 30,



1995, ten (10) days after he was sentenced.[6] Rule 203(b)(2), SCACR.[7] However, since § 2244 did not become effective until April 24, 1996, subsequent to Petitioner's 1995 guilty pleas, he had one (1) year from the effective date, or until April 24, 1997, to file his federal habeas action. See Rouse v. Lee, 339 F.3d 238, 243 (4th Cir. 2003), cert. denied, 124 S.Ct. 1605 (2004); Harris, 209 F.3d at 328.

Unfortunately for the Petitioner, by the time he filed his state APCR on April 23, 2001, almost five (5) years had passed from the effective date. Further, even assuming that the limitations period was thereafter tolled during the pendency of Petitioner's APCR, it would have only been tolled until no later than November 14, 2006, when the South Carolina Supreme Court denied Petitioner's appeal and the remittitur was issued; See eg Ott v. Johnson, 192 F.3d 510 (5th Cir. 1999)[tolling does not include 90 days for United States Supreme Court certiorari petition from final denial by state's highest court of collateral action], cert. denied, 529 U.S. 1099 (2000); Harris v. Hutchinson, supra [running clock from when state appellate court denied leave to appeal denial of state post-conviction petition]; Mays v. Hickman, No. 98-56769, 2000 WL 538131 at *1 (9th Cir.

---

[6] The sentencing sheets are dated July 20, 1995. See Respondent's Exhibit 20; (Supp.R.pp. 92, 97, 100, 105).

[7] Because Plaintiff did not file a direct appeal, the ninety (90) day period for seeking certiorari from the United States Supreme Court is not included. See Pfeil v. Everett, 9 Fed.Appx. 973, 977 (10th Cir. 2001)["Because [Petitioner] did not file a direct appeal to the [state] Supreme court, the ninety-day time period for appeals to the United States Supreme Court did not extend the date that his judgment and sentence became final."]. See e.g., Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000) [where Petitioner appealed to the state Supreme Court, direct review concludes at expiration of time for seeking certiorari from United States Supreme Court]; 28 U.S.C. § 1257 [United States Supreme Court can only review on certiorari the final judgments of "highest court of a state"]; U.S.Sup.Ct.R. 10(b) [certiorari considered where "state court of last resort" has decided important federal question]; U.S.Sup.Ct.R. 13 [time period for petition for writ of certiorari is 90 days from decision or judgment of state court of last resort]; Rule 203(b)(2), SCACR [10 day requirement for filing of Notice of Appeal from criminal conviction].

7



May 3, 2000); Drafts v. Maynard, No. 02-120, 2002 WL 32710121 (D.S.C. Aug. 6, 2001), appeal dismissed, 2002 WL 31430540 (4th Cir. Oct. 31, 2002); and after the Remittitur was sent down on Petitioner's APCR on November 14, 2006, over eleven (11) additional months passed before Petitioner filed this federal habeas petition. Therefore, even assuming arguendo[8] that Petitioner's APCR tolled the running of the limitations period, a total of over five (5) years and eleven (11) months of non-tolled time passed prior to Petitioner filing his federal habeas petition, a period of time well outside the federal limitations period for filing this action.

In an effort to preserve his claims under § 2244(d)(1)(D), Petitioner argues that he did not discover the substantive claims relating to the 1995 convictions until the State noticed them for use under South Carolina's recidivist law, which is essentially the same argument he made at the state level. However, the "notice" Petitioner refers to concerned Petitioner's career offender status, which has nothing to do with any of the claims presented in this federal petition, all of which address the merits of the underlying charges to which Petitioner pled guilty in 1995. Petitioner has failed to establish that the factual predicates of these claims were not either known to him at the time of his pleas, or discoverable by him through the exercise of due diligence.

Additionally, the record shows that Petitioner pled guilty to the charges wherein he received this "notice" on January 23, 2001; (R.pp. 1-43);[9] and while Petitioner argues that he only pled guilty to those charges because the State coerced him by filing a Notice of Intent to Seek a

---

[8]Since Petitioner's PCR petition was dismissed on the grounds that it was untimely, it was not a "properly filed" application and would therefore not have tolled the running of the statute of limitations. See Pace v. DiGuglielmo, 545 U.S. 408 (2005)[A state postconviction petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2)].

[9]These charges are addressed in another habeas action currently pending in this Court. Goodman v. Cartledge, C/A No. 0:07-3517. See Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) [This Court may take judicial notice of its own records.].



Sentence of Life without Parole, the state PCR court noted that Petitioner was served with this notice on January 11, 2001. (R.p. 97). Further, the Solicitor stated at the January 23, 2001 hearing, "[a]dditionally, I would add for the record, sir, that he is eligible for, under the sentences and the convictions that he has, he would be eligible, should he be convicted of this offense, for a life without parole sentence, and we have served him with notice of intent to do that, but since he has come forward with the intent to plead to these charges, that is all part of the negotiations that we will not go forward with the life without parole." (R.pp. 5-6).

Therefore, even assuming that Petitioner did not know the factual predicate of a claim presented in this habeas action at the time of his convictions in 1995, and that he further could not have discovered the federal predicate of this claim through the exercise of due diligence until starting with the later date of January 11, 2001 (when it is uncontested he received notice of this issue), one hundred and one days (101) days of non-tolled timed passed from that date to Petitioner filing his APCR on April 23, 2001. When this one hundred and one (101) days of pre-PCR non-tolled time is added to the eleven (11) months of non-tolled time that expired prior to Petitioner filing his federal habeas petition, a period of over one (1) year of non-tolled time passed prior to the filing of this petition. Accordingly, Petitioner still failed to timely file this federal petition, and he is therefore barred from seeking federal habeas relief. Artuz v. Bennett, 531 U.S. 4 (2000) [while state collateral review tolls the one-year statute of limitations under § 2244(d)(A), it does not establish a right to file within one year after completion of collateral review]; Pearson v. North Carolina, 130 F.Supp.2d 742 (W.D.N.C. 2001); Calderon v. U.S. District Court of the Central District of California, 127 F.3d 782, 785-787 (9th Cir. 1997), cert. denied, 118 S.Ct. 1395 (1998), overruled on other grounds on appeal, 163 F.3d 530 (9th Cir. 1998), cert. denied, 119 S.Ct. 1377 (1999).



## **Conclusion**

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice, for having been filed outside the applicable statute of limitations. 28 U.S.C. § 2244(d).

The parties are referred to the Notice Page attached hereto.

                                                     _____
                                                     Bristow Marchant
                                                     United States Magistrate Judge

Columbia, South Carolina

June 9, 2008



10

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

